*315 The appellant claims as a bona fide purchaser of the slave in question at a sheriff’s sale under an execution against Anthony Pate, one of the defendants. It does not appear, by any testimony in the cause, that he had, at the time of the sale, any notice of the equity existing between the complainant and Anthony Pate, if any did exist. The bill of sale from the complainant to the sons of Anthony Pate was absolute. The sale was forbidden on the ground that the property belonged to the sons, and not the father; but the appellant was apprized that the father was the real purchaser, and not the sons. The slaves were in his possession; and he was willing to incur the risk of there being any latent equity between them. If any had existed, he had notice, and must have lost the property. But, with respect to the equity of the complainant, founded on the alleged ground that the bill of sale was intended to operate as a mortgage, he had no notice until after the sale. The bill of sale was evidence to the contrary. In the case of Hooe & Harrison v. Pierce’s Administrator,(a) the doctrine seems to be set-tied that, in the casé of legal rights, the principle caveat emptor properly applies ; but equitable rights may be lost by a sale to a bona fide purchaser without notice. In the present case the complainant had parted with his legal right, and permitted his equitable claim to lie so long dormant, as, attended with other circumstances, to create considerable doubt whether it was not bottomed on a fraudulent combination to cheat the creditors of Anthony Pate.
The decree of the chancellor is to be reversed, and thp bill, dismissed as to the appellant Taylor.

 1 Wash. 217.